UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARBARA BERGSTROM,

    Plaintiff,                                                   CASE NO.:

v.

DOLLAR TREE STORES, INC.,

    Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Dollar Tree Stores, Inc. (hereinafter, "Defendant" or "Dollar Tree") by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and Local Rule 4.02, hereby removes this action from the Circuit Court for the Twelfth Judicial Circuit, in and for Manatee County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, on the following grounds:

### BACKGROUND

1.    On or about August 19, 2020, Barbara Bergstrom ("Plaintiff") filed a Complaint against Dollar Tree in the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida ("State Court"), captioned BARBARA BERGSTROM, vs. DOLLAR TREE DISTRIBUTION, INC., Case Number 2020CA3119 (hereinafter, "Initial Complaint").

2.    On or about August 27, 2020, Plaintiff served the Summons, Initial Complaint, Civil Cover Sheet, and discovery on Dollar Tree through its agent for service of

- 1 -

process.

3. On September 2, 2020, Plaintiff filed an Amended Complaint against Dollar Tree in State Court, captioned BARBARA BERGSTROM, vs. DOLLAR TREE STORES, INC., Case Number 2020CA3119 (hereinafter, "Amended Complaint").

4. On or about September 16, 2020, Plaintiff served the Summons and Amended Complaint on Dollar Tree through its agent for service of process.

5. There is jurisdiction over this removed action pursuant to 28 U.S.C. § 1441, because this action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332. Specifically, this Court has jurisdiction over this action because there is the requisite diversity of citizenship between the Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

## AMOUNT IN CONTROVERSY

6. Plaintiff alleges that this is an action for damages in excess of Thirty Thousand Dollars ($30,000.00). (Complaint at ¶1).

7. The State Court Civil Cover Sheet for this matter reflects that the amount of the claim is "over $100,000.00"

8. Plaintiff alleges that she

> was injured in and about her body and extremities; incurred medical expenses for the treatment of said injuries; incurred pain and suffering of both a physical and mental nature; incurred a permanent injury to the body as a whole; incurred loss of ability to lead and enjoy a normal life; incurred loss of wages and a loss of wage earning capacity, all of which are either permanent or continuing in nature and the Plaintiff, BARBARA BERGSTROM, will sustain said loss in the future.

(Am. Complaint at ¶10).

9. On September 2, 2020, Plaintiff's counsel advised Dollar Tree's counsel via a telephone call that Plaintiff's medical expenses to date are approximately $74,000 and that Plaintiff allegedly sustained a broken kneecap, underwent surgery, and has had home health care with an on-call nurse.

10. A defendant's notice of removal may assert the amount in controversy if the complaint seeks (a) nonmonetary relief or (b) a money judgment and the state practice permits recovery in excess of the amount demanded. 28 U.S.C. § 1446(c)(2)(A)(ii). As the Supreme Court has held, the notice "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Mangano v. Garden Fresh Restaurant Corp.*, Case No. 2:15-cv-477-FtM-99MRM, 2015 WL 5953346, at *1 (M.D. Fla. Oct. 13, 2015) ("A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount") (citing *Dart*, 135 S. Ct. at 554). The defendant need not provide any evidence establishing the amount in controversy unless and until the plaintiff contests, or the court questions, the defendant's allegation as to the amount in controversy. *Dart*, 135 S. Ct. at 554. Although Plaintiff has not alleged in the Complaint that the amount in controversy exceeds $75,000, the Court is entitled to rely on its judicial experience and common sense in determining that a cause of action is likely to exceed $75,000 and therefore meets the jurisdictional limits of the Court. Defendant's allegations to establish jurisdiction can be "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka v. Kolter City Plaza Two, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *Id.*

11.     Although Dollar Tree denies that Plaintiff is entitled to any monetary relief whatsoever, based on this information, Dollar Tree believes, in good faith, that it is highly probable that the amount in controversy in this civil action exceeds $75,000, exclusive of interest and costs. Dollar Tree's good faith belief is based upon Plaintiff's counsel's representation of Plaintiff's injuries and medical care, Plaintiff's alleged medical expenses to date, Plaintiff's allegations in her Amended Complaint, and Plaintiff's representation of the amount of the claim in the State Court Civil Cover Sheet. Therefore, this Court has jurisdiction over this case. *See* 28 U.S.C. § 1332(a)(1).

### DIVERSITY OF CITIZENSHIP

12.     Plaintiff is a citizen of Manatee, Florida. For diversity purposes, citizenship is equivalent to "domicile." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id*. at 1257-58. *See also Diller v. Heartland AG Group of Springfield, Inc.*, 5:10-CV-672-OC-34TBS, 2011 WL 13295824, at *3 (M.D. Fla. Sept. 28, 2011). To discern intent, the Court may consider factors including "home ownership, driver's license, voting registration, location of family, location of business and where taxes are paid." *Turner v. Penn. Lumbermen's Mut. Fire Ins. Co.*, No. 3:07-cv-374-J-32TEM, 2007 WL 3104930, at *4 (M.D. Fla. Oct. 22, 2007); *see Juvelis v. Snider*, 68 F.3d 648, 654 (3d Cir. 1995) ("Persuasive evidence of intent can include establishment of a home, place of employment, location of assets, and registration of car, and, generally, centering one's business, domestic, social, and civic life in a jurisdiction."); *see also McCormick*, 293 F.3d at 1258. Plaintiff alleges that she

is a "resident of Manatee County, Florida." (Complaint, at ¶2). Based on information and belief, Plaintiff is therefore also a citizen of Manatee County.

13. Dollar Tree is a citizen of the Commonwealth of Virginia. Specifically, Dollar Tree is incorporated in Virginia, and its principal place of business is in Chesapeake, Virginia.

## PROCEDURAL COMPLIANCE

14. Although Dollar Tree denies that Plaintiff is entitled to any monetary relief whatsoever, based on the above information, Dollar Tree believes, in good faith, that it is highly probable that the amount in controversy in this civil action exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. Therefore, this Court has jurisdiction over this case. *See* 28 U.S.C. § 1332(a)(1).

15. This Notice of Removal is timely because it was filed within thirty days after receiving the summons and a copy of the initial pleading setting forth the claim for relief upon which this action is based. *See* 28 U.S.C. § 1446(b).

16. Removal to the Tampa Division of this Court is appropriate under Local Rules 1.02(b)(4) and 1.02(c) because the action was filed in Pinellas County, Florida.

17. As required by 28 U.S.C. § 1446(a) and Local Rule 4.02(b), true and correct copies of all of the process, pleadings, orders and papers on file with the State Court in this action are attached as "**Composite Exhibit A**."

18. Pursuant to 28 U.S.C. § 1446(d), notice of this Notice of Removal is being provided to Plaintiff and the State Court clerk contemporaneously with the filing of this Notice of Removal with this Court.

WHEREFORE, Defendant, Dollar Tree Stores, Inc., by and through its undersigned counsel, respectfully notices the removal of this action now pending against it in the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida, Case No. 2020CA3119 to the United States District Court for the Middle District of Florida, Tampa Division.

        Respectfully submitted

        HILL WARD HENDERSON, P.A.

        /s/ Sherilee J. Samuel
        Sherilee J. Samuel, Fla. Bar No. 017499
        sherilee.samuel@hwhlaw.com
        Cory J. Person, Fla. Bar No. 032950
        cory.person@hwhlaw.com
        Nicole D.D. Walsh, Fla. Bar No. 111961
        nicole.walsh@hwhlaw.com
        3700 Bank of America Plaza
        101 East Kennedy Boulevard
        Tampa, FL 33602
        Ph. 813.221.3900
        Fax 813.221.2900
        *Attorneys for Dollar Tree Stores, Inc.*

## **CERTIFICATE OF SERVICE – CM/ECF**

I hereby certify that on September 25, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and furnished a copy via email to Ashley Long, Esquire, *Attorney for Plaintiff*, at: along@forthepeople.com and mrojas@forthepeople.com, Morgan & Morgan, 101 Riverfront Blvd., Suite 600, Bradenton, FL 34205.

        /s/ Sherilee J. Samuel
        Hill Ward Henderson, P.A.
        *Attorneys for Dollar Tree Stores, Inc.*

14420646v1