IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA
CIVIL DIVISION

BARBARA BERGSTROM,

Plaintiff,

-vs-

DOLLAR TREE DISTRIBUTION, INC.,

CASE NO.:

Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, **BARBARA BERGSTROM**, by and through her undersigned attorneys, and sues Defendant, **DOLLAR TREE DISTRIBUTION, INC.**, and alleges:

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. At all times material hereto, Plaintiff, BARBARA BERGSTROM, was a resident of Manatee County, Florida.

3. At all times material hereto, the Defendant, DOLLAR TREE DISTRIBUTION, INC., was authorized and doing business in Manatee County, Florida.

4. At all times material hereto, Defendant, DOLLAR TREE DISTRIBUTION, INC., owned, operated and maintained a store located 3430 53rd Ave. W, Bradenton, Manatee County, Florida, which was used as a store for the purposes of selling miscellaneous items to the general public.

5. On May 7, 2020, the Plaintiff, BARBARA BERGSTROM, went to the DOLLAR TREE DISTRIBUTION, INC., store located at the above address to purchase items.

6. As Plaintiff, BARBARA BERGSTROM, rounded the corner from one aisle to the next, she tripped over multiple boxes on the floor of the store.

7. On the date and at the place aforesaid, the Defendant, DOLLAR TREE DISTRIBUTION, INC., owed the Plaintiff, BARBARA BERGSTROM, a business invitee upon the premises, the duty to exercise reasonable care for the safety of Plaintiff, BARBARA BERGSTROM.

8. On the date and at the place aforesaid, the Defendant, DOLLAR TREE DISTRIBUTION, INC., breached the duty owed to the Plaintiff, BARBARA BERGSTROM, by committing one or more of the following omissions or commissions:

    a. Negligently failed to maintain or adequately maintain the floor space in and around the store by allowing multiple boxes to remain on said floor, for the safety of the Plaintiff, BARBARA BERGSTROM, as she walked on said floor;

    b. Negligently failed to inspect or adequately inspect the floor space in and around the store to determine whether any trip hazards existed, for the safety of the Plaintiff, BARBARA BERGSTROM;

    c. Negligently failed to warn or adequately warn the Plaintiff, BARBARA BERGSTROM, of the danger of the boxes when she entered the floor space in and around the store

when the Defendant, DOLLAR TREE DISTRIBUTION, INC., knew or should have known of said danger and that the Plaintiff, BARBARA BERGSTROM, was unaware of said danger; and

    d.    Negligently failed to correct, or adequately correct the dangerous condition of the boxes on the floor of the store when said dangerous condition was known to the Defendant, DOLLAR TREE DISTRIBUTION, INC., or had existed for a sufficient length of time so that the Defendant should have known of it.

9.    As a direct and proximate cause of the negligence of the Defendant, DOLLAR TREE DISTRIBUTION, INC., as heretofore alleged, the Plaintiff, BARBARA BERGSTROM, tripped over the boxes, which had been permitted to remain on said floor, and when she fell she sustained injuries and damages as hereinafter alleged.

10.    As a direct and proximate result of the negligence of the Defendant, DOLLAR TREE DISTRIBUTION, INC., as heretofore alleged, the Plaintiff, BARBARA BERGSTROM, was injured in and about her body and extremities; incurred medical expenses for the treatment of said injuries; incurred pain and suffering of both a physical and mental nature; incurred a permanent injury to the body as a whole; incurred loss of ability to lead and enjoy a normal life; incurred loss of wages and a loss of wage earning capacity, all of which are either permanent or continuing in nature and the Plaintiff, BARBARA BERGSTROM, will sustain said loss in the future.

WHEREFORE, the Plaintiff, BARBARA BERGSTROM, demands judgment against the Defendant, DOLLAR TREE DISTRIBUTION, INC., in an amount in excess of Thirty Thousand ($30,000) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

DATED this 19th day of August, 2020.

_____
Ashley Long, Esquire
Morgan & Morgan, P.A.
101 Riverfront Blvd., Suite 600
Bradenton, Florida 34205
Tele: (941) 308-2410
Fax: (941) 308-2442
Florida Bar #: 0010418
Attorney for Plaintiff(s)